# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMUEL DYWAYNE WILLIAMS, | : |
| Petitioner | : |
| | : CIVIL NO. 3:CV-09-2479 |
| v. | : |
| | : (Judge Caputo) |
| JEROME WALSH, et al., | : |
| Respondents | : |

# O R D E R

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Samuel Williams, an inmate at the State Correctional Institution at Dallas, in Dallas, Pennsylvania, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on December 15, 2009. He raises two claims in his petition: (1) judicial misconduct (abuse of discretion) during the jury charge; and (2) the ineffectiveness of trial counsel for failing to object to, or seek a curative instruction, for the trial court's alleged improper jury instruction. (Doc. 1, Pet.) Mr. Williams simultaneously filed a Motion to Stay these proceedings while he exhausts his judicial misconduct claim which his post-conviction counsel failed to include in his supplemental petition for relief under the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa. C.S. § 9541 *et seq.* (Doc. 3 at p. 3 and p. 16.)[1] For the following reasons, Mr. Williams' motion to stay is denied.

---

[1] Unless otherwise noted, all citations to the record reflect the docket number and page number assigned by the electronic case filing system (CM/ECF) rather than the page numbers of the original documents.

In *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005), the United States Supreme Court held that a stay of a federal habeas petition should only be granted in "limited circumstances" where it is determined that good cause is shown for a failure to have first exhausted the claims in state court, that the unexhausted claims have potential merit, and that there is no indication that the petitioner has been intentionally dilatory in pursuing the litigation. *Id*. at 277-78, 125 S.Ct. at 1535. Documents attached to Mr. Williams' Motion to Stay reveal that he received a copy of the supplemental PCRA petition his counsel filed on his behalf. (Doc. 3-3 at p. 6, Dec. 28, 2007-Ltr, from Atty. Hoffman.) Once he read the PCRA petition filed, Mr. Williams was on notice that the judicial misconduct claim was not raised. He did not raise the flag of concern for Atty. Hoffman's omission of this claim from his PCRA petition on appeal before the Superior Court, which he certainly could have done. Furthermore, he does not suggest any reason why he did not, or could not, have raised this issue earlier that his present habeas petition. Clearly if Mr. Williams was dissatisfied with Atty. Williams' representation, or her failure to raise a claim that he wished to pursue, in his PCRA he could have taken immediate action in the state courts to preserve it.[2] Yet, even after the PCRA court denied his PCRA petition, he did not object or otherwise question Atty. Hoffman's representation of him or his claims on appeal. *Id*. at p. 7. Thus, while his underlying

---

[2] We note the procedural history of Mr. Williams' PCRA pursuits demonstrates that he is capable of filing a pro se appeal to the Superior Court. After his first PCRA counsel filed a "no merit" letter, and the trial court dismissed his PCRA, Mr. Williams successfully appealed that decision to the Superior Court of Pennsylvania which resulted in the appointment of new PCRA counsel, Atty Hoffman, and the right to file a supplemental PCRA petition. (Doc. 1, Pet.)

claim may have arguable merit, he has failed to demonstrate "good cause" for his failure to exhaust his judicial misconduct claim prior to filing the instant Petition. Consequently, this Court finds that Mr. Williams has not demonstrated good cause under *Rhines*, *supra*, for the failure to exhaust his judicial misconduct claim. As such, there is no basis for the Court to exercise its discretion to stay this case for the purpose of allowing him to exhaust the claim in state court.

**ACCORDINGLY, THIS 21st DAY OF SEPTEMBER, 2010, IT IS HEREBY ORDERED THAT:**

1. Petitioner's Motion to Stay (Doc. 3) is DENIED.

2. Within twenty-one (21) days from the date of this Order, Respondents shall answer the allegations in the Petition.

3. Respondents shall file a memorandum of law along with the answer. The memorandum shall set forth the relevant facts and procedural history of the case, a recommended disposition of the petition, and citations to pertinent case law.

4. A determination whether Petitioner should be produced for a hearing will be held in abeyance pending submission of a response.

5. Petitioner shall, if he so desires, file a reply brief within fourteen (14) days from the filing date of the Respondents' answer and memorandum.

/s/ A. Richard Caputo
**A. RICHARD CAPUTO**
**United States District Judge**