IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SAMUEL DYWAYNE WILLIAMS, :
:
   Petitioner :
: CIVIL NO. 3:CV-09-2479
v. :
: (Judge Caputo)
JEROME WALSH, et al., :
:
   Respondents :

# MEMORANDUM

## I.  Introduction

Petitioner Samuel DeWayne Williams, an inmate incarcerated by the Commonwealth of Pennsylvania following his 2002 conviction by a jury in the Dauphin County Court of Common Pleas for drug related offenses, filed this Petition for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Presently before the Court are Mr. Williams' two motions to amend his habeas corpus petition. (Docs. 33 and 35.) For the reasons that follow, the motions will be denied.

## II.  Background

On December 15, 2009, Mr. Williams filed a timely habeas corpus petition pursuant to 28 U.S.C. § 2254. (Doc. 1.) In his petition Mr. Williams argues that: (1) the trial court committed misconduct during its charge to the jury by prejudicially mischaracterizing the evidence; and (2) trial court rendered constitutionally ineffective assistance in failing to object to, or seek a curative instruction for, the trial court's improper conduct. (Id.) Admitting that claim one of his petition was

unexhausted, Mr. Williams filed a motion to stay his habeas proceeding to allow him to return to state court to exhaust it. (Doc. 3.)

In accordance with *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999) and *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), the Court issued formal notice to Mr. Williams that he could either have the petition ruled on as filed, that is, as a § 2254 petition for writ of habeas corpus and heard as such, but lose his ability to file a second or successive petition, absent certification by the court of appeals, or withdraw his petition and file one all-inclusive § 2254 petition within the one-year statutory period prescribed by the Antiterrorism Effective Death Penalty Act (AEDPA). (*See* Doc. 5.) On December 20, 2009, Mr. Williams returned the notice of election form, indicating that he wished to proceed with his petition for writ of habeas corpus as filed. (*See* Doc. 7.) On January 22, 2010, the Court served the petition and the motion to stay on Respondent. (Doc. 15.)

On September 22, 2010, after the parties had an opportunity to address the motion to stay, the Court denied the motion and directed Respondent to file a response to the petition. (Doc. 14; *see also Williams v. Walsh*, 2010 WL 3805631 (M.D. Pa. Sept. 21, 2010)(Caputo, J.)) Respondent file a response to the petition on October 8, 2010. (Doc. 15.)

On October 14, 2010, Mr. Williams filed an appeal with the Third Circuit Court of Appeals challenging our denial of his motion to stay. (Doc. 18.) On February 11, 2011, the Third Circuit Court of Appeals summarily affirmed this court's denial of Mr. Williams' motion to stay his habeas petition. (Doc. 22-1; *see also Williams v. Nash*, 411 F. App'x 459 (3d Cir. Feb. 11, 2011)).

On May 31, 2013, Mr. Williams filed his first motion to amend his habeas corpus petition. (Doc. 33.) Mr. Williams simply noted that "[n]ew state law and federal case law is available since the filing of [his] habeas corpus" petition. (*Id.*) On October 20, 2013, Mr. Williams filed his second motion to amend his habeas corpus petition. (Doc. 35.) He acknowledges that he has filed a mixed petition in this matter and claims he was not "afforded the right to delete the unexhausted issue" from his petition. (*Id.*) Mr. Williams did not file a brief in support of either motion or a proposed amended petition for review.

## III. Discussion

It is well-established that the Federal Rules of Civil Procedure apply to amendments to petitions for writ of habeas corpus. *See Mayle v. Felix*, 545 U.S. 644, 654-55, 125 S.Ct. 2562, 2569, 162 L.Ed.2d 582 (2005). An amendment to a habeas petition filed after the expiration of the federal limitations period will be reviewed only if it "relates back" to the original, timely petition. *See* Fed.R.Civ.P. 15(c)(2); *Mayle*, 545 U.S. at 649, 655, 125 S.Ct. at 2566, 2569. A claim raised in an untimely amended petition will not, however, relate back and escape the one-year limitations period when it seeks to add an entirely new claim or new theory of relief. *See Mayle*, 545 U.S. at 656-57, 125 S.Ct. at 2570-71; *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000). However, to the extent an untimely amended petition provides factual clarification and amplification of claims set forth in an earlier, timely petition, it may be considered. *See Thomas*, 221 F.3d at 436.

In this instance, as Respondent has already responded to his habeas corpus petition, and the one year statute of limitations has expired, Mr. Williams would need leave of the Court to file an amended habeas corpus petition. Unfortunately, as Mr. Williams has neither briefed his motions to amend or filed a proposed amended complaint, the Court is unable to make the requisite assessment of his proposed claims to determine whether an amendment should be permitted. In regards to Mr. Williams' assertion that the Court previously did not allow him to amend his petition, he is mistaken. At the onset of these proceedings Mr. Williams was issued an Order advising of his right, and the limitations, to file an amended complaint. (Doc. 5.) At that time, Mr. Williams advised that Court that he chose "to have the Court rule on [his] petition as filed." (Doc. 7.) To the extent that he is concerned that his petition will be denied in its entirety because it contains an admittedly unexhausted claim, this concern in misplaced. When confronted with a petition containing both exhausted and unexhausted claims, the Court has three options: (1) it can dismiss the entire application without prejudice in order to enable the petitioner to return to state court to exhaust state remedies; (2) it can delete the unexhausted claims from the application so that the habeas proceeding can continue with only the remaining exhausted claims; and (3) in limited circumstances, it can stay the mixed application and hold the case in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims. *See Urcinoli v. Cathel*, 546 F.3d 269, 274 (3d Cir. 2008). In this instance, we have previously determined a stay to be inappropriate. At this point the Court can simply dismiss any claims it finds unexhausted and proceed to resolve the exhausted claims. Accordingly, there is no

prejudice to Mr. Williams by denying his motions to amend.

An appropriate Order follows.

/s/ A. Richard Caputo
A. RICHARD CAPUTO
United States District Judge

Date: March 13, 2014